UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TEMITOPE A. OGUNJI,

        Plaintiff,

  - against -

JOHN F. KERRY, SECRETARY OF THE U.S.
DEPARTMENT OF STATE

        Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
13-CV-1208 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff *pro se* Temitope A. Ogunji brings this action against defendant John F. Kerry in his official capacity as the Secretary of the U.S. Department of State, asking this Court to declare the defendant's delay in granting her passport application unlawful and to order the defendant to grant her passport application immediately. (Compl. (Doc. No. 1).) Kerry now moves to dismiss Ogunji's complaint as moot because Ogunji's passport application has been adjudicated. (Ltr. Mot. to Dismiss as Moot ("Ltr. Mot.") (Doc. No. 8).) For the reasons discussed below, Kerry's motion to dismiss as moot is GRANTED**.**

**BACKGROUND**

    Ogunji is a United States citizen, born in Brooklyn, New York in 1973. (Compl. at ¶ 1.) She has six children, three of whom were born in the United States, two of whom were born in Nigeria, and one of whom she adopted. She does not allege where her adopted child was born. (*Id.* at ¶ 8.) Her children are in Nigeria. (*Id.* at ¶ 9.)

    On October 10, 2012, Ogunji applied for a passport at the Varick Street passport office in New York City so that she could "unite with her children in Nigeria, render parental support and

conduct her international business." (*Id.* at ¶ 10.) Ogunji "made several calls and visits to the [Varick] Passport office for the issue of passport to no avail." (*Id.* at ¶ 13.)

On March 7, 2013, Ogunji filed this action, seeking a declaration that Kerry's delay in issuing her passport was unlawful, (*id.* at ¶ a); to permanently enjoin Kerry from denying her application for a passport, (*id.* at ¶ b); and affirmative relief ordering Kerry to grant her application, (*id.* at ¶ c).

On September 11, 2015, the State Department denied Ogunji's passport application because "the evidence submitted with [Ogunji's] application does not establish [Ogunji's] identity." (Ltr. from Dept. of State (Doc. No. 8-1).) Kerry filed a letter motion on December 3, 2015, requesting that the Court dismiss the case as moot. Despite two Orders from the Court directing Ogunji to respond to Kerry's motion, Ogunji has filed no response. (12/29/2015 Docket Order; 4/5/2016 Docket Order.) The Court therefore considers Kerry's motion unopposed.

## DISCUSSION

Pursuant to Article III of the Constitution, federal courts have jurisdiction only over "live cases and controversies." *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004). "A number of justiciability doctrines govern the contours of this power; pertinent here is mootness, which concerns when and whether a case is 'live.'" *Cty. of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010). A case is moot if "the parties lack a legally cognizable interest in the outcome" of the case. *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation marks omitted). Mootness results "when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Irish Lesbian and Gay Org. v. Guiliani*, 143 F.3d 638, 647 (2d Cir. 1998).

2

Stated differently, "the case is moot 'if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 727 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)). Mootness is a jurisdictional defect and deprives a court of the authority to adjudicate a case. *Fox*, 42 F.3d at 140.

Here, Ogunji sought adjudication of her passport application, and adjudication occurred on September 11, 2015. (Ltr. from Dept. of State.) Therefore, there is no longer a live controversy between the parties, and the case is moot. *See Elliott v. U.S. Dep't of State*, 122 F. Supp. 3d 39, 43 (S.D.N.Y. 2015) ("Plaintiff's Complaint sought 'an order compelling Defendant to adjudicate Plaintiffs application for [a] U.S. passport,' which is exactly what Defendants did without the Court directing them to do so. . . . Defendants adjudicated Plaintiff's passport application and issued him a United States passport, prompting the Court to dismiss the case as moot.").

## CONCLUSION

Accordingly, Kerry's motion to dismiss is GRANTED. The Clerk of Court is directed to enter judgment accordingly, mail a copy of the judgment and this Memorandum and Order to plaintiff *pro se*, and close the case.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      August 25, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge